UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Frenchmen DeShawn Collins, | ) | C/A No. 9:12-00759-TLW-BM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Phillip Thompson; | ) | |
| Tom Fox; | ) | |
| Tom Rice; | ) | |
| Harold Worley; | ) | REPORT AND RECOMMENDATION |
| Brent Schultz; | ) | |
| Marion Foxworth; | ) | |
| Gary Loftus; | ) | |
| Paul Prince; | ) | |
| Bob Grabowski; | ) | |
| James Frazier; | ) | |
| Carl Schwartzkopf; | ) | |
| W. Paul Prince; | ) | |
| Jody Prince; | ) | |
| Al Allen, | ) | |
| Defendants. | ) | |

Plaintiff Frenchmen DeShawn Collins, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the J. Reuben Long Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff, who alleges that he has been subjected to harassment, discrimination, and abuse of authority, seeks monetary damages and injunctive relief. ECF No. 1, pages 2, 6. The named Defendants are the Sheriff of Horry County (Thompson), the Director of the Detention Center (Fox), and the members of Horry County Counsel.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;



the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

The Complaint alleges that correctional officer Washington confiscated a "broken armband" from Plaintiff during a search of his personal possessions on February 8, 2012. ECF No. 1, page 4. The armband, which purportedly contained an important "mug shot" photograph, was later cut "down to just the photo," and the photograph returned to Plaintiff. *Id.* at 4-5. On February 9, 2012, the photograph was confiscated by Washington (along with two other unnamed officers) a second time. *Id.* at 4. Plaintiff filed a request form seeking a copy of his photograph, but was informed by Lt. Stapleton that his attorney would have to make such a request. *Id.* at 5. However, on February 29, 2012, Plaintiff learned that correctional officers had provided another detainee a "mug shot" photograph, without requiring that inmate to first contact an attorney. *Id.* Plaintiff seeks monetary damages and an order directing the detention center to create and maintain a policy to protect

2



inmates from harassment, racial discrimination, abuse of authority, and manipulation of evidence. *Id.* at 6.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Complaint provides no facts to demonstrate that any of the named Defendants participated in the confiscation of Plaintiff's photograph. Nor does Plaintiff allege that any of the named Defendants were involved in the denial of Plaintiff's request to have the photograph returned. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Howard v. Childs*, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596 at *4 (D.S.C. Jan. 19, 2012); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011). Therefore, any individual capacity claims against the Defendants in this case are subject to summary dismissal.



In attempting to hold these Defendants liable for the conduct alleged, Plaintiff identifies Defendants Thompson and Fox as the officials responsible for the operation of the detention center, and the remaining Defendants as "members of the Horry County City Council." ECF No. 1, page 3. However, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, certain criteria must first be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) were deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. The Complaint presents no facts to demonstrate that any of the named Defendants were aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or were deliberately indifferent to any such risk. *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984) ["Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities."] (citation omitted). Therefore, Plaintiff has failed to establish a claim for supervisory liability against the named Defendants, and as such each of the Defendants is entitled to summary dismissal from this action.

Finally, even if Plaintiff had named proper party Defendants, Plaintiff's claim of discrimination lacks merit in any event. The Equal Protection Clause states, in relevant part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An equal protection "analysis begins with the basic principle that a



[plaintiff] who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'" *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)(citing *Whitus v. Georgia*, 385 U.S. 545, 550 (1967)). Further, a plaintiff "must prove that the decisionmakers in *his* case acted with discriminatory purpose." *Id.* (emphasis in original); *see also Bell v. Ozmint*, 332 F.3d 229, 237 (4th Cir. 2003); *Johnson v. Rodriguez*, 110 F.3d 299, 307 (5th Cir. 1997)("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group.")(citations omitted).

The instant Complaint claims that correctional officers confiscated Plaintiff's photograph and refused to return it absent a request from Plaintiff's attorney. While Plaintiff believes that he was treated differently from another detainee, to whom correctional officers allegedly provided a similar photograph, the Complaint provides no facts to demonstrate a discriminatory purpose on the part of the officers involved, or even what the race of the affected inmates was. Although the Court must liberally construe the *pro se* complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must at least allege facts that support a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761,



765 (4th Cir. 2003); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)(the court is not required to develop tangential claims from scant assertions in the complaint). As Plaintiff provides only a conclusory allegation of discrimination, Plaintiff's equal protection claim is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint *without* prejudice and without service of process.

_____
Bristow Marchant
United States Magistrate Judge

April 4, 2012
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

